1  PATRICK J. CAIN (SBN 105331)
   THEODORE H. DOKKO (SBN 263830)
2  **SMITH, GAMBRELL & RUSSELL, LLP**
   444 South Flower Street Suite 1700
3  Los Angeles, California 90071
   Telephone:  213 358-7200
4  Facsimile: 213-358-7300
   Email:  pcain@sgrlaw.com
5  tdokko@sgrlaw.com

6  Attorneys for Defendants
   SOLIANT HEALTH, LLC, and
7  SOLIANT PHYSICIAN STAFFING, LLC

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10                             **SACRAMENTO**

11

12 PHILLIP JOHNSON, on behalf of        Case No.
   himself and others similarly situated,   (San Joaquin County Superior Court
13                                        Case No.: STK-CV-VOE-2020-
                       Plaintiff,         0004388)
14
        vs.
15                                        <u>CLASS ACTION</u>
   SOLIANT HEALTH, INC.; SOLIANT
16 PHYSICIAN STAFFING, LLC; and
   DOES 1-20, inclusive,                 **DEFENDANTS' NOTICE OF**
17                                        **REMOVAL TO THE UNITED**
                       Defendants.       **STATES DISTRICT COURT FOR**
18                                        **THE EASTERN DISTRICT OF**
                                         **CALIFORNIA PURSUANT TO 28**
19                                        **U.S.C. §§ 1332(D), 1441, 1446 AND**
                                         **1553**
20

21

22

23 **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL**

24 **INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

25      **PLEASE TAKE NOTICE** that defendants SOLIANT HEALTH, LLC (sued

26 incorrectly as SOLIANT HEALTH, INC., which as of on or about January 1, 2020

27 became SOLIANT HEALTH, LLC), and SOLIANT PHYSICIAN STAFFING, LLC

28 ("Defendants"), and each of them,  hereby invoke this District Court's jurisdiction

*Sidebar: SMITH, GAMBRELL & RUSSELL, LLP — 444 SOUTH FLOWER STREET, SUITE 1700 — LOS ANGELES, CALIFORNIA 90071 — TELEPHONE: 213 358-7200*

pursuant to 28 U.S.C. §§ 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA')), 1441, 1446, and 1453, and accordingly remove the above-entitled Action from the Superior Court of California, County of San Joaquin (the "Superior Court").

## I.    PLEADINGS AND PROCESS

1.    On May 28, 2020, Plaintiff PHILLIP JOHNSON filed in the Superior Court an unverified civil complaint entitled *Phillip Johnson, on behalf of himself and others similarly situated Plaintiff, v. Soliant Health, Inc.; Soliant Physician Staffing, LLC; and DOES 1-20, Inclusive,* bearing Case No. STK-CV-VOE-2020-0004388 (the "Complaint").

2.    Service was effected on November 16, 2020, when counsel for defendants executed a Notice and Acknowledgment of Receipt.  True and correct copies of the Summons, Complaint, the fully-executed Notice and Acknowledgement of Receipt, and all other documents served on defendants to date, are filed concurrently herewith as **Exhibit A** to the accompanying Declaration of Patrick J. Cain ("Cain Decl."). **Exhibit A** includes the Summons, the Class Action Complaint, and Civil Case Cover Sheet, and two Notice and Acknowledgment of Receipt forms.  [Cain Decl. ¶ 3; Exhibit A.]

3.    The Complaint sets forth seven (7) causes of action: (1) Failure to Pay for All Hours Worked, (2) Failure to Pay Overtime, (3) Failure to Pay Minimum Wage, (4) Failure to Authorize and/or Permit Meal Breaks, (5) Failure to Authorize and/or Permit Rest Breaks, (6) Waiting Time Penalties, (7) Unfair Business Practices.  [*See generally* Complaint.]

4.    The Complaint defines the Class Period as "any time from four years prior to the filing of this Complaint until the date of class certification."  Complaint, ¶ 28. The Complaint goes on to describe five classes: (1) Overtime Class: "All non-exempt employees of each of the Defendants who worked overtime or double-time inside California during the Class Period but were not paid their legal overtime or double-

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

time rates of pay"; (2) Unpaid Time Class: "All non-exempt employees of each of the Defendants who were not paid for all hours worked inside California during the Class Period"; (3) Stipend Class: "All non-exempt employees of each of the Defendants who worked inside California during the Class Period, and whose "stipend" payments, whether paid in cash or in kind, were adjusted based on hours and/or shifts worked"; (4) Meal Break Class: "All non-exempt employees of each of the Defendants who worked in California during the Class Period, and who were not authorized and/or permitted lawful meal breaks"; (5) Rest Break Class: "All non-exempt employees of each of the Defendants who worked in California during the Class Period, and who were not authorized and/or permitted lawful rest breaks". Complaint, ¶ 29.

5.  By way of the Complaint, Johnson prays for the following relief: (A) certification as a class action; (B) general damages according to proof; (C) compensatory according to proof; (D) consequential damages according to proof; (E) restoration and restitution of lost wages and statutory penalties; (F) declaratory relief; (G) interest; (H) attorney's fees; (I) costs; (J) disgorgement of gains; (K) such other and further relief as the Court deems just and proper. [Complaint, p. 18]

6.  Pursuant to the sixth cause of action, Johnson demands on behalf of the class members who were not paid all wages due after the employee is discharged or resigns, a penalty equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay pursuant to Labor Code §§ 201-203.  [Complaint, ¶ 76]

7.  On December 11, 2020, Defendants filed an Answer to the Complaint in the Superior Court of California, San Joaquin.  A true and correct copy of the Answer is filed concurrently herewith as **Exhibit B**.  [Cain Decl. ¶ 3; Ex. B.]

8.  Pursuant to 28 U.S.C. § 1446(a), **Exhibits A** and **B** comprise all process and pleadings filed, served, or otherwise received in this Action. [Cain Decl. ¶ 4.]

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

SGR/23921024.1

## II.    TIMELINESS OF REMOVAL

9.    Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty (30) days of service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs from the service of summons and complaint).

10.    Service was complete on November 16, 2020, when the Notice and Acknowledgment of Receipt was signed. Thus, this Notice of Removal is timely in that the removal is occurring within thirty (30) days of when service was complete.

## III.    STATEMENT OF JURISDICTION

11.    The District Court has original jurisdiction under CAFA, and this Action may be removed pursuant to 28 U.S.C. § 1446, because this Action is a civil action brought as a "class action" on behalf of greater than one hundred (100) persons, at least one of whom is a citizen of a state different from any defendant, wherein the amount in controversy exceeds the sum of five million dollars ($5,000,000), exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Further, no defendant is a state, state official, or other governmental entity. 28 U.S.C. § 1332(d)(5).

12.    As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the Action is timely and properly removed upon the filing of this Notice.

## IV.    NOTICE TO ALL PARTIES AND STATE COURT

13.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be served promptly on Plaintiff's counsel and filed with the Clerk of the San Joaquin County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

## V.    VENUE

14.    The Action was filed in the Superior Court of California, County of San Joaquin. [*See generally* Complaint.]

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

4

SGR/23921024.1

15.    Johnson is a citizen of the State of California.  [*See* Complaint,  ¶  6 ].

16.    Neither Soliant Health nor Soliant Physician Staffing maintain any facilities in California, although both place temporary employees in the State of California.  Soliant Health is a Delaware limited liability company, with its principal place of business located in Georgia.  Soliant Physician Staffing is a Florida limited liability company, with its principal place of business in Georgia.  [Declaration of Tina Musgrove ("Musgrove Decl.") ¶¶3-5.]

17.    Therefore, venue properly lies in the United States District Court for the Eastern District of California as it is the district embracing where the Action was filed.  *See* 28 U.S.C. §§ 84(a), 1391(b), 1441(a), 1446(a).

## VI.    THE DISTRICT COURT MAY EXERCISE JURISDICTION PURSUANT TO CAFA.

18.    District Courts may exercise original jurisdiction under CAFA where: (a) a class action is brought; (b) on behalf of greater than one hundred (100) persons; (c) at least one of whom is a citizen of a state different from any defendant; (d) the amount in controversy exceeds the sum of five million dollars ($5,000,000), exclusive of costs and interest; and (e) the defendants are not states, state officials, or other government entities.  28 U.S.C. §§ 1332(d)(2), (5).

### A.    Plaintiff's Action is Styled as a Class Action.

19.    Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a 'class action." 28 U.S.C. § 1332(d)(1)(B).

20.    Johnson filed the Complaint pursuant to California Code of Procedure § 382.  [Complaint ¶ 25.][1]  California Code of Civil Procedure § 382 provides: "

---

[1] Johnson's allegations are taken as true for purposes of removal.  By demonstrating the basis for the District Court's original jurisdiction, Defendants in no way concede that class treatment is appropriate here, the validity of Johnson's claims, or that

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

SGR/23921024.1

when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." CAFA's class action requirement is thus satisfied.

**B.    Johnson Brought This Action on Behalf of More Than 100 Persons.**

21.    Johnson seeks to represent: "All non-exempt employees of each of the Defendants who worked" in California during the Class Period, and who fall into one or more of the Overtime Class, the Unpaid Time Class, the Stipend Class, the Meal Break Class, or the Rest Break Class. Complaint, ¶'s 29 through 34 (the "Classes"). The "Class Period" is "any time within the four years prior to the filing of this Complaint until the date of class certification." Complaint, ¶ 28.

22.    Through a review of Soliant Health's and Soliant Physician Staffing's employment data for the period between May 28, 2016 through May 28, 2020, inclusive, it was determined that the number of putative class members meets the minimum numerosity requirement for purposes of removal. [Musgrove Decl. ¶ 8.] During that period, Soliant Health and Soliant Physician Staffing employed at least 975 persons that meet Plaintiff's definition of the putative class. [*Id.*] Thus, CAFA's numerosity requirement is satisfied. Johnson, himself, alleges that the class members "are so numerous that their individual joinder is impracticable." Complaint, ¶ 36.

**C.    Plaintiff is a Citizen of California, While Defendants Are Citizens of Florida, Georgia, and Delaware.**

23.    For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which s/he is domiciled. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001); *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A plaintiff's place of residence is evidence of her/his domicile absent affirmative allegations to the contrary. *See District of Columbia*

Johnson or any individual he seeks to represent is entitled to recover anything from Defendants.

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

*v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Smith v. Simmons*, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (noting maintaining a place of residence provides a *prima facie* case of domicile).

24.    According to Johnson's personnel records, his last known address is in California.  [Musgrove Decl. ¶ 6.]  In the Complaint, Johnson admits that he is a resident of the State of California. [Complaint, ¶6.]  Based on this, Defendants allege that Johnson is a citizen of California.

25.    A limited liability company is an unincorporated association. *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *2 (S.D. Cal. Feb. 3, 2011). An "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

26.    Soliant Health is, and at the time of the filing of the complaint was, a limited liability company, organized under the laws of Delaware with its principal place of business in Georgia.  [Musgrove Decl. ¶¶ 2-3.]  Soliant Health's corporate headquarters is located in Tucker, Georgia, where its high-level officers, including its President, direct, control, and coordinate Soliant's activities. [Musgrove Decl. ¶ 3.] Soliant Health's executive operations are managed from this location, including but not limited to those operations related to administering company-wide policies and procedures, legal affairs, and general business operations. [Musgrove Decl. ¶ 3.] Accordingly, Soliant Health is (and was at the time of filing) a citizen of Georgia and Delaware. *Ramirez v. Carefusion Res., LLC*, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 705 (4th Cir. 2010).

27.    Soliant Physician Staffing is, and at the time of the filing of the complaint was, a limited liability company organized under the laws of Florida with its principal place of business in Georgia, where its high-level officers, including its President,

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

direct, control, and coordinate Soliant Physician Staffing's activities. [Musgrove Decl. ¶ 4.] Soliant Physician Staffing's executive operations are managed from this location, including but not limited to those operations related to administering company-wide policies and procedures and general business operations. [*Id.*] Accordingly, Soliant Physician Staffing is (and was at the time of filing) a citizen of Florida and Georgia. *Ramirez v. Carefusion Res., LLC*, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 705 (4th Cir. 2010).

28.    Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity of citizenship between the parties to an action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("district court was correct in only considering the domicile of the named defendants"). DOES 1-20 here are fictitious defendants, are not parties to this Action, and have not been named or served. They should accordingly be disregarded in the context of determining the District Court's original jurisdiction over this matter.

29.    Based on the foregoing, Johnson is a citizen of a state different from at least one defendant under 28 U.S.C. § 1332(d)(2)(A), and therefore the minimum diversity requirement is met.

**D.    Johnson's Complaint Places More Than $5,000,000 In Controversy.**

30.    Under CAFA, the claims of individual putative class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended that federal jurisdiction be properly exercised under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, at *42.

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

31.    Whether the amount in controversy requirement is met is determined by totaling the value of the claims of each putative class member falling within the proposed class definition and determining whether the resulting sum exceeds $5,000,000. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013). Courts must "look to the potential claims of absent class members, rather than plaintiff's complaint." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

32.    A class action plaintiff cannot avoid removal by alleging damages less than CAFA's $5,000,000 jurisdictional amount. *See Knowles*, 568 U.S. at 591-596; *Rodriguez*, 728 F.3d at 982 ("lead plaintiff of a putative class cannot reduce the amount in controversy on behalf of absent class members"); *Steele v. W.W. Grainger, Inc.*, 2013 WL 2481476, at *5 (S.D. Cal. June 10, 2013) ("a plaintiff cannot…lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

33.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 88-89. Courts must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is placed "in controversy" by the Complaint, not the amount that Defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); s*ee also Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.") The "amount in controversy" is merely "an estimate

9

SGR/23921024.1

of the total amount in dispute, not a prospective assessment of defendant's liability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 n.2 (9th Cir. 2013)(quoting *Lewis*, 627 F.3d at 400) (internal quotations omitted).

34.   "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 82.  "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *AT&T Mobility*, 728 F.3d at 981. A defendant's burden on removal of providing evidence establishing that it is more likely than not that the amount in controversy exceeds $5 million is not "daunting", as the "defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010).

35.   A sworn declaration from a defendant's representative is sufficient to satisfy a defendant's burden to establish that the amount in controversy under CAFA is satisfied. *Korn*, 536 F. Supp. 2d at 1205 (stating that, in evaluating removal, courts consider "'summary-judgment-type evidence'…such as affidavits or declarations") (citations omitted); *see also e.g. Rea v. Michaels Stores Inc.,* 742 F.3d 1234, 1239 (9th Cir. 2014) (stating a declaration provided substantial, plausible evidence to support removal); *Lewis*, 627 F.3d at 401-02 (declaration estimating maximum exposure based on business records is sufficient to support removal); *see generally Schiller*, 2010 WL 2793650, at *3 (removal supported by declaration based upon defendant's business records).

36.   Additionally, for evaluating the amount in controversy courts must also consider the potential value of an award of attorney's fees if attorney's fees are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

SGR/23921024.1

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

37.   In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiff will prevail on each and every one of his claims. *Morgan Stanley Dean Witter*, 199 F. Supp. 2d at 1001, *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"). Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007).

38.   In a recent decision by the Ninth Circuit, the Court reaffirmed the principles outlined herein that apply to CAFA removal cases. *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 921 (9th Cir. 2019). First, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements. *Id.* at 922, *citing Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions. *Ibid.*, *citing Ibarra* at 1197-99. The *Arias* Court further reaffirmed that a removing defendant is permitted to rely on "a chain of reasoning that includes assumptions." *Id.* at 925, *citing Ibarra* at 1199. Third, when a statute or contract provides for recovery of attorney's fees, prospective attorney's fees must be included in the assessment of the amount in controversy. *Id.* at 922¸ *citing Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018).

39.   Here, Johnson does not allege a specific amount in damages for the class he purports to represent, but indicates that he seeks damages in excess of twenty-five thousand dollars ($25,000). [Civil Case Cover Sheet, invoking unlimited jurisdiction based on "amount demanded exceeds $25,000". Cain Decl. ¶3, Exh. A.] Thus, the amount in controversy, as pleaded, is at least $25,000 per plaintiff, or at least

SGR/23921024.1

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

$24,375,000.00 ($25,000 * 975 putative class members).  [Musgrove Decl. ¶ 8]; *Adams v. Toys 'R' Us - Delaware, Inc.*, 2015 WL 395214, at *3–4 (N.D. Cal. Jan. 29, 2015); *see also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (finding jurisdictional amount met where complaint sought no specific amount in damages, but pled the amount in controversy to exceed $25,000 and there were 1,160 class members).  For this reason alone, CAFA's amount in controversy requirement is satisfied.

40.  Even if this amount was insufficient to establish jurisdiction under CAFA, which it is not, the Complaint nonetheless meets CAFA's amount-in-controversy requirement.  If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Pilot Travel Ctrs.* LLC, 2007 WL 1302504, at *4 ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*,  2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy – such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation – then those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

41.    Without admitting that Johnson could recover or is entitled to any damages individually, let alone on a class-wide basis, Defendants have a good-faith belief that Johnson's sought-after relief places the amount in controversy in this action in excess of $5,000,000, exclusive of interest and costs.

42.    To estimate the amount in dispute, Defendants considered the average hourly rate across the putative class, as defined by Johnson and applied the class periods defined by Johnson.  Johnson's claims for failure to pay for all hours worked, unpaid overtime, minimum wage, meal period, and rest break claims, are subject to a four-year statute of limitations as a result of Johnson's invocation of a UCL claim predicated on his wage and hour allegations. [Complaint ¶ 77, *et seq.*]; *see also* Bus. & Prof. Code § 17208.[2]  Johnson's waiting time penalty claim is subject to a three-year statute of limitations.  Cal. Lab. Code § 203(b); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1109 (2007).

43.    Based on these assumptions, the amount in controversy as to the first through sixth causes of action sufficiently exceeds $5,000,000.  Specifically, Defendants rely on the following in their calculations of the amount in controversy:

(i)    Soliant Health and Soliant Physician Staffing's records show they employed at least 975 non-exempt employees within the State of California during the four-year period preceding the filing of the Complaint.  [Musgrove Decl. ¶ 8.]

(ii)    Based on Soliant Health and Soliant Physician Staffing's records, the estimated average hourly rate of pay to the putative class was $40.02, which would yield an average overtime rate of $60.03 per hour.  [Musgrove Decl. ¶ 9.]

---

[2] Defendants assume that the four-year statute of limitations applies only for purposes of consideration of this removal.

**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

(iii)    Soliant Health and Soliant Physician Staffing's records show that the putative class members worked approximately 26,662 unique work weeks during the Class Period.  [Musgrove Decl. ¶ 10.]

(iv)    Soliant Health and Soliant Physician Staffing employed approximately 915 non-exempt employees within the State of California during the three-year period preceding the filing of the Complaint.  [Musgrove Decl. ¶ 12.]

(v)    The estimated average hourly rate of pay for those 915 non-exempt employees during that three-year period was $40.22.

**Alleged Failure to Pay for all Hours Worked**

44.    Plaintiff alleges that "During the applicable recovery period, Defendants have had a policy and/or practice of requiring their non-exempt employees, including Plaintiff, to review and/or complete competency/training/orientation courses (or modules) without compensating them for time spent on those courses that are facility-specific."  Complaint, ¶ 14.

45.    The average hourly rate of the putative class members is $40.02 [Musgrove Decl. ¶ 9.]

46.    During the proposed class period of May 28, 2016, through May 28, 2020, the putative class members worked approximately 26,662 pay periods. [Musgrove Decl. ¶10].  Defendants employees are paid on a weekly basis, after each work week. [*Id.*]  Based on the allegations of the Complaint, if applying a conservative estimate where each putative class members is entitled to one additional hour of pay per week, at the employee's regular rate of pay, the amount in controversy on this claim would be equal to no less than $1,067,013.24 [$40.02 * 1.0 hour per week * 26,662 pay periods].

**Alleged Unpaid Overtime**

47.    Plaintiff alleges that during the Class Period, Defendants paid Plaintiff and Class Members a weekly stipend, which Defendants would reduce if Plaintiff and

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213.358.7200

SGR/23921024.1

other Class Members did not work the minimum number of hours required of them. Plaintiff alleges that Defendants improperly failed to include the stipend when calculating Plaintiff's and Class Members' "regular rate" for purposes of paying overtime. [Complaint, ¶'s 16-20].[3]

48.    Plaintiff alleges that during the Class Period, "Plaintiffs and the Overtime Class worked in excess of 8 hours in a workday, 12 hours in a workday, and/or 40 hours in a workweek. However, Defendants failed to properly compensate them for all of their overtime and/or doubletime hours worked as required under the aforementioned laws." [Complaint, ¶50]

49.    Plaintiff seeks recovery of "owed overtime and double time compensation." [Complaint ¶53].  In the Prayer for Relief, Plaintiff further seeks "restoration and restitution of lost wages, statutory penalties, and all other remedies afforded under the Labor Code." [Complaint ¶5].

50.    Labor Code § 510(a) states that "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Cal. Lab. Code § 512.

51.    The statute of limitations for recovery for overtime pay under Labor Code § 510 is three years.  Cal. Civ. Proc. § 338. The limitations period is extended to four years when a plaintiff seeks restitution for Labor Code violations. *Falk v. Children's Hosp. Los Angeles*, 234 Cal. App. 4th 1454, 1462, n. 12 (2015) (holding that "actions for restitution under Business and Professions Code section 17200 are subject to a four year- statute of limitation"). Accordingly, the purported class period for the second cause of action begins on May 28, 2016.

52.    The average hourly rate of the putative class members is $40.02. [Musgrove Decl. ¶ 9.] The average overtime rate would be no less than $60.03 ($40.02

---

[3] Given the excessive difficulties in calculating the alleged errors in determining the regular rate for overtime purposes based on reduced stipend payments at this stage of the litigation, Defendants do not include such damages in their estimate of the amount of controversy.

**DEFENDANTS' NOTICE OF REMOVAL**

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

SGR/23921024.1

* 1.5). The putative class members were also paid on a weekly basis. [Musgrove Decl. ¶ 10.]

53.    During the proposed class period of May 28, 2016, through May 28, 2020, the putative class members worked approximately 26,662 pay periods. Based on the allegations of the Complaint, if applying a conservative estimate where each putative class members is entitled to one hour of unpaid overtime per week, the amount in controversy on this claim would be equal to no less than $1,600,519.86 [$40.02 * 1.5 overtime hours per week * 26,662 pay periods].

**Alleged Failure to Provide Meal Breaks**

54.    Labor Code § 226.7(b) provides that "[i]f an employer fails to provide an employee a meal period . . . in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal . . . period is not provided."  Non-exempt employees must be provided a meal break of at least thirty (30) minutes for every work period of more than five hours of work, which must start by the end of the fifth and tenth hours of work, respectively. Cal. Lab. Code § 512.

55.    Johnson alleges that Soliant Health and Soliant Physician Staffing failed to provide all required meal periods, and did not pay proper compensation in lieu thereof.  [Complaint ¶ 21.]

56.    For purposes of removal, and in accordance with Johnson's allegations in the Complaint, Defendants conservatively based their calculation for the meal period violations on the reasonable assumption that each putative class member was denied one (1) meal break per week during the period of May 28, 2016, through May 28, 2020.  This calculation is based on the rest period calculation discussed in the *Arias* case.  Applying the average hourly rate of pay for all putative class members during the above period, based on Soliant Health's and Soliant Physician Staffing's payroll and personnel data, and performing the calculation of one (1) hour at the

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

16

**DEFENDANTS' NOTICE OF REMOVAL**

regular rate compensation for each week a meal period was missed, results in, at a minimum, $1,067,013.24 in controversy.  [26,662 weeks * $40.02 per hour * 1 meal break per week].

### Alleged Failure to Provide Rest Periods

57.    Labor Code § 226.7(b) provides that "[i]f an employer fails to provide an employee a . . . rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the . . . rest period is not provided."  Non-exempt employees who work three and a half (3.5) or more hours per day must be provided one ten-minute rest break for every four hours, or major fraction thereof, worked, which the California Supreme Court has clarified to mean that non-exempt employees are entitled to ten (10) minutes rest for shifts from three and one-half (3.5) to six (6) hours in length, twenty (20) minutes for shifts of more than six hours up to ten (6-10) hours, thirty (30) minutes for shifts of more than ten (10) hours up to fourteen (14) hours, and so on. *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1029 (2012).

58.    Johnson alleges  that Soliant Health and Soliant Physician Staffing did not authorize or permit him and the class members to take lawful rest breaks. [*See* Complaint ¶ 23.]  Further, Johnson alleges that Soliant Health and Soliant Physician Staffing failed to pay premium wages for missed rest breaks.  [*See* Complaint ¶ 24.]

59.    Thus, for purposes of removal, and in accordance with Johnson's allegations  in  the Complaint, Defendants conservatively base their calculations for rest period allegations on the reasonable assumption that each putative class member was denied one (1) rest period break per week during the period of May 28, 2016, through May 28, 2020.  Applying the average hourly rate of pay of all putative class members during the above period, based on Soliant Health's and Soliant Physician Staffing's payroll and personnel data, and performing the calculation for one (1) hour at the regular rate of compensation for each week a rest period was missed, results in,

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

at a minimum, $1,067,013.24 in controversy.  [26,662 weeks * $40.02 per hour * 1 rest break per week].

**Alleged Waiting Time Penalty Claim for Terminated Employees**

60.    Waiting time penalties may be recovered under Labor Code section 203  when  an employer fails to pay an employee all "wages" due upon termination of employment.  *See* Cal. Lab. Code §§ 201, 203.  Waiting time penalties accrue "at the same [daily] rate until paid or until an action therefor is commenced," but are limited to thirty days' wages.  Cal. Lab. Code § 203(a). The Section 203 claim is subject to a three-year statute of limitations. Cal. Lab. Code § 203(b); *Kenneth Cole*, 40 Cal. 4th at 1099.

61.    Johnson alleges that Defendants willfully failed to pay him and the class members who were no longer employed by Defendants all wages due at the time of their separation. [*See* Complaint ¶ 76.]  Accordingly, Johnson seeks up to thirty (30) days of pay as a penalty for not timely paying all wages due at time of termination for all employees who terminated employment.  [*See* Complaint ¶ 74, *et seq.*]

62.    Soliant Health and Soliant Physician Staffing reviewed payroll and personnel information corresponding to all putative class members whose employment terminated during the three (3) year period from May 28, 2017, through May 28, 2020, and determined that approximately 915 putative class members worked 1,559 temporary assignments that ended. [Musgrove Decl. ¶ 12].  These former employees had an average hourly rate of pay of $40.22. Defendants conservatively estimate an amount of controversy on the waiting time penalties claim of $752,435.76, assuming that only 5% of this putative class suffered a waiting time penalty. This amount in controversy was calculated by multiplying the 1,559 assignments the 915 former employee putative class members worked during the relevant time period by the average hourly rate of pay across these putative class members [$40.22 * 1,559 = $62,702.98], then multiplying the product of that calculation by eight (8) (assuming an eight (8) hour work day for each former

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

18
**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

employee putative class member) [$62,702.98 * 8 = $501,623.84], and then multiplying the product of that calculation by thirty (30), for the number of days' wages that former employee putative class members are entitled as a penalty [$501,623.84 * 30 = $15,048,715.20]. Finally, 5% of the $15,048,715.20 figure is $752,435.76. *See e.g. Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using full thirty day period to calculate waiting time penalties because plaintiff alleged class members were owed penalties "up to the thirty day maximum"); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) (holding defendants "could properly calculate the amount in controversy based on a 100% violation rate" because plaintiff "included no limitation on the number of violations"); *Rippee v. Bos. Mkt. Corp.,* 408 F. Supp. 2d 982, 985–86 (S.D. Cal. 2005) (finding that the potential value of plaintiff's waiting time penalty claim could be calculated by multiplying the number of former employees in the proposed class by thirty days' wages).

### Attorney's Fees

63.    Johnson also seeks an award of attorney's fees under a number of provisions, ["Prayer for Relief," *see* Complaint generally.] "[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Arias*, 936 F.3d at 922-923; *see also* Fritsch, 899 F.3d at 794 ("a court must include future attorney's fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"); *JSS Scandinavia*, 142 F.3d at 1156 (recognizing that attorney's fees provided by statute are properly included in evaluating the amount in controversy).

64.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorney's fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. See *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012)

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213.358-7200

(attorney's fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *29 (N.D. Cal. Apr. 1, 2011), *supplemented*, 2011 WL 1838562 (N.D. Cal. May 13, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorney's fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); see also *In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorney's fees is 25 percent of the common fund).

65.   Even under the conservative benchmark of 25 percent of the total recovery for the applicable claims, attorney's fees alone would be upwards of $1,388,498.84. [Failure to Pay All Hours: $1,067,013.24 + Unpaid overtime: $1,600,519.86 + Missed Rest Periods: $1,067,013.24 + Missed Meal Periods: $1,067,013.24 + Waiting Time Penalties: $752,435.76 = $5,553,995.34. Attorney's fees: $1,388,498.85 = $5,553,995.34 * 0.25].

/ / /

/ / /

**The Total Aggregate Amount in Controversy Exceeds $6.9 Million**

66.   Taking all of the elements of Johnson's Complaint considered here for purposes of removal, the aggregate amount in controversy is approximately $6,942,494.18:

**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

| Cause of Action | Amount in Controversy Based on Allegations of the Complaint |
|---|---|
| Failure to Pay for Hours Worked | $1,067,013.24 |
| Unpaid Overtime | $1,600,519.86 |
| Missed Meal Breaks | $1,067,013.24 |
| Missed Rest Breaks | $1,067,013.24 |
| Waiting Time Penalty | $752,435.76 |
| Attorney's Fees | $1,388,498.84 |
| **Total** | **$6,942,494.18** |

67.    Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. §1332(d)(2) for removal jurisdiction.

**E.    No Exception to CAFA Applies**

68.    Although CAFA contains several exceptions, which, where applicable, may prevent the Court from exercising jurisdiction under CAFA, these exceptions do not impose additional jurisdictional requirements. See *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) ("[T]he provisions set forth in §§ 1332(d)(3) and (4) are not part of the *prima facie* case for establishing minimal diversity jurisdictional under CAFA, but, instead, are exceptions to jurisdiction."). Rather, it is plaintiff's burden to demonstrate that an exception to CAFA applies. *Id.* at 1023-24 (requiring the party seeking remand to demonstrate the applicability of the "home state" and "local controversy" exceptions to CAFA); *Korn*, 536 F. Supp. 2d at 1206. Plaintiff here will not be able to demonstrate that an exception to CAFA applies.

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

1    **WHEREFORE**, Defendants hereby remove this action from the Superior

2    Court of the State of California, in and for San Joaquin County, to the United States

3    District Court, Eastern District of California.

4

5    DATED: December 14, 2020          SMITH, GAMBRELL & RUSSELL, LLP

6

7                                     By:    */s/ Patrick J. Cain*

8                                            Patrick J. Cain
                                             Theodore H. Dokko
9                                            Attorneys for SOLIANT HEALTH, INC.,
                                             AND SOLIANT PHYSICIAN STAFFING,
10                                           LLC

11

SMITH, GAMBRELL & RUSSELL, LLP
444 SOUTH FLOWER STREET, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213 358-7200

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' NOTICE OF REMOVAL**

SGR/23921024.1

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 South Flower Street, Suite 1700, Los Angeles, CA 90071-2901.

5

6

7

On December 14, 2020, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332(D), 1441, 1446 AND 1553** on the interested parties in this action as follows:

8

9

10

| | |
|---|---|
| Ashkan Y. Shakouri<br>ash@shakourilawfirm.com<br>SHAKOURI LAW FIRM<br>11601 Wilshire Boulevard, Fifth Floor<br>Los Angeles, California 90025 | Nazo Koulloukian<br>nazo@koullaw.com<br>KOUL LAW FIRM<br>3435 Wilshire Boulevard, Suite 1710<br>Los Angeles, California 90010 |

11

12

13

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: I caused a copy of the document(s) to be sent from e-mail address lnavid@sgrlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

15

16

**BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

17

18

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

Executed on December 14, 2020, at Los Angeles, California.

20

21

*/s/ Lupe D. Navid*
Lupe D. Navid

22

23

24

25

26

27

28

- 1 -
PROOF OF SERVICE